NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN O'BRIAN DuBREY; RICHARD O'BRIEN; and ROBERT O'BRIEN, as heirs at law of the Estate of Francis X. O'Brien, | |
| Plaintiffs, | Civil Action No. 13-00983 (JAP) |
| v. | **OPINION** |
| BANK OF AMERICA, | |
| Defendant. | |

PISANO, District Judge.

This is an action brought by Plaintiffs Susan O'Brien DuBey, Richard O'Brien, and Robert O'Brien (together, "Plaintiffs") against Defendant Bank of American, N.A. ("BANA" or "Defendant"). Plaintiffs allege that Defendant acted negligently by allowing unauthorized and unknown persons to withdraw and/or transfer funds from their father's home equity account. Presently before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF no. 9]. Plaintiffs oppose the Motion. The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Motion to Dismiss shall be granted.

## I.  **Background**

The following allegations are summarized from the Complaint, and must be taken as true in deciding this Motion to Dismiss.[1]

---

[1] *See Newman v. Beard*, 617 F.3d 775, 779 (3d Cir. 2010) ("We accept all factual allegations as true, construe the amended complaint in the light most favorable to [the plaintiff], and determine whether, under any reasonable reading of the…complaint, he may be entitled to relief.").

Plaintiffs are the heirs at law and next of kin of their father, Francis X. O'Brien, who died in March 2001. On October 16, 2000, the Decedent took out a home equity line of credit (the "HELOC") on his home in Hazlet, New Jersey in the amount of $157,500 with BANA. Beginning in November 2000, numerous checks were drawn on the HELOC without Plaintiffs' knowledge. The Decedent then died on or about March 19, 2001.[2]

When Plaintiffs decided to sell Decedent's residence they requested payoff information on the HELOC from BANA. At some point thereafter, Plaintiffs were made aware that checks had been drawn on the Decedent's account during the time period prior to his death. Plaintiffs then demanded an investigation into the matter by BANA.

Plaintiffs allege that funds were taken from the account without authorization and that BANA was, in Count One, negligent in allowing these inappropriate withdrawals and/or transfers of funds from the HELOC, and, in Count Two, that BANA did not follow reasonable banking and mortgage standards or act in good faith by charging unauthorized and fraudulent checks to the Decedent's HELOC account. Plaintiffs further allege that, despite requesting copies of all checks and charges to the account at least twice, BANA has yet to supply them with copies of these requested documents.

Defendant moves to dismiss Plaintiffs' Complaint and argues that it cannot be held liable for three reasons. First, it argues that Plaintiffs lack standing to bring suit, as the Complaint fails to allege that they are either the executors or administrators of the estate. Next, it contends that even if Plaintiffs had standing, any claims that Plaintiffs purport to bring are barred by the applicable two-year statute of limitations. Finally, it asserts that even if Plaintiffs can overcome these procedural hurdles, Plaintiffs have failed to otherwise state a claim upon which relief can be granted. The Court addresses these arguments below.

---

[2] Plaintiffs allege two different dates that the Decedent passed away—March 19, 2001 and March 24, 2001.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Any legal conclusions are "not entitled to the assumption of truth" by a reviewing court. *Id*. at 679. Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. *See also Fowler*, 578 F.3d at 210 (explaining that "a complaint must do more than allege a plaintiff's entitlement to relief").

## III. Legal Discussion

### A. Negligence Claims

In order to state a claim for negligence under New Jersey law, a plaintiff must establish: (1) a duty owed to them by the defendant; (2) a breach of that duty by the defendant; (3) an injury foreseeably caused by that breach; and (4) proximate cause. *See Anderson v. Sammy Redd & Associates*, 278 N.J. Super. 50, 56 (App. Div. 1995).

In their Complaint, Plaintiffs contend BANA acted negligently in allowing the withdrawal or transfer of funds from the Decedent's home equity account. They further allege BANA acted negligently by cashing unauthorized and fraudulent checks. Plaintiffs, however, provide absolutely no factual support for these legal conclusions, which are otherwise not entitled to an assumption of truth and are therefore insufficient to state a claim. *See Iqbal*, 556 U.S. at 679-80.

Specifically, Plaintiffs' Complaint is devoid of any facts that establish Defendant owed them (through the Decedent) any duty or that Defendant breached that duty. This failure to establish a duty owed to the Plaintiffs by Defendant is fatal to a negligence claim. *See Kernan v. One Wash. Park Urban Renewal Assocs.*, 154 N.J. 437, 445 (1998) ("To recover under a negligence theory, it is paramount that a defendant first owe the plaintiff a duty."). Further, even assuming that Plaintiffs could show that Defendant owed them a contractual duty through the Decedent's HELOC account, "[u]nder New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Perkins v. Wash. Mut., FSB*, 655 F. Supp. 2d 463, 471 (D.N.J. 2009). Here, Plaintiffs fail to allege any independent duty that Defendants owed them. Rather, Plaintiffs summarily conclude that Defendant "did not follow reasonable banking and mortgage standards nor use ordinary care

or live up to its statutory duties of good faith," but never expand on exactly what these standards or duties are or how they apply to Plaintiffs. Such conclusory statements, without more, are not entitled to the assumption of truth and are insufficient to establish the existence of a duty. *See Iqbal*, 556 U.S. at 680.

Not only do Plaintiffs fail to state what banking and mortgage standards or statutory duties Defendant allegedly did not meet, they also fail to establish facts to show how they breached these alleged duties. Instead, Plaintiffs state that the Decedent took out a HELOC in the amount of $157,500 in October 2000, and then passed away in March 2011. They then state that they learned at some later date that a certain number of checks had been drawn on the account. Plaintiffs assume that these checks must have been fraudulent or unauthorized, but provide no factual allegations to support that contention. Indeed, Plaintiffs state that they have never seen the checks that were drawn on the account. In order to state a cognizable claim, Plaintiffs need to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Without any factual allegations to support the conclusion that Defendants failed to meet certain banking standards or statutory duties, the Complaint fails to establish a cause of action.

A review of the Complaint reveals it to be full of legal conclusions, but without any factual support that would allow this Court to accept these conclusions as true. Significantly, Plaintiffs have failed to allege any facts sufficient to establish that Defendant owed them a duty and that Defendant thereafter breached said duty. Therefore, Plaintiffs have fallen significantly short of the *Twombly/Iqbal* standard and their claims must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

### B. Standing and Statute of Limitations Issues

Even if Plaintiffs were given leave to amend their Complaint to establish the necessary facts for their causes of action, this amendment would prove futile both because the Plaintiffs lack standing to bring their survival action and because the statute of limitations has lapsed.

Under New Jersey's Survivor's Act, a decedent's appointed representatives are allowed "the right to bring an action for trespass to person or property in the same manner as if the decedent had been living" for the benefit of the decedent's estate. *Smith v. Whitaker*, 160 N.J. 221, 233 (1999). *See also Aronberg v. Tolbert*, 207 N.J. 587, 593 (2011). Specifically, *N.J.S.A.* 2A:15-3 provides:

> Executors and administrators may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser, and recover their damages as their testator or intestate would have had if he was living.

Significantly, a survivor action may only be brought by the estate, and not by the decedent's heirs. *See Whitaker*, 160 N.J. at 233 ("Unlike a wrongful death action, which is a derivative action arising in favor of beneficiaries named under that act, the Survivor's Act preserves to the decedent's estate any personal cause of action that decedent would have had if he or she had survived.") (internal citation omitted). *See also Aronberg*, 207 N.J. at 593 (explain that a survivor action can only be brought by the estate); *Giardina v. Bennett*, 111 N.J. 412, 423 (1988) (explaining that, unlike a wrongful death claim, the cause of action for injuries of a decedent passes to the decedent's estate).

In this case, Plaintiffs attempt to assert claims against BANA as "the heirs at law and next of kin of their father, Francis X. O'Brien, who died on March 24, 2001." Compl. ¶ 1. The claims that Plaintiffs are alleging, however, are claims that Decedent could have brought himself. Therefore, Plaintiffs, as heirs of the Decedent, cannot appropriately bring these claims. Rather,

the Decedent's estate has to assert the claims.  Because Plaintiffs have not alleged in the Complaint that they are either the administrators or executors of the estate, Plaintiffs lack standing to bring these claims against BANA.[3]  *See, e.g.*, *Miller v. C.M.S. Corr. Med. Serv.*, Civ. No. 08-3014, 2010 U.S. Dist. LEXIS 24156, *8-9 (D.N.J. Mar. 16, 2010); *Lamont v. New Jersey*, Civil No. 04-2476, 2009 U.S. Dist. LEXIS 14612, *27-28 (D.N.J. Feb. 25, 2009); *Anderson v. County of Monmouth*, Civ. No. 05-1809, 2005 U.S. Dist. LEXIS 37657, *18 (D.N.J. Dec. 30, 2005).  Therefore, the Complaint will be dismissed for lack of standing.

Additionally, even if Plaintiffs were to be found to have standing, their claims are barred by the statute of limitations.  Under the Survivor's Act, any action must "be commenced within two years after the death of the decedent, and not thereafter. . . ."  *N.J.S.A.* 2A:15-3.  In New Jersey, the discovery rule will postpone accrual of a cause of action "if a plaintiff neither knows nor has reason to know the facts equating with the likely accrual of the cause of action." *Presslaf v. Robins*, 168 N.J. Super. 543, 546 (App. Div. 1979) (citing *Evernham v. Selected Risks Ins. Co.*, 163 N.J. Super. 132, 136 (App. Div. 1978)).  The rule, however, "is peculiar to statutes of limitation based upon accrual of the cause of action" and "a statute forbidding the institution of an action, otherwise maintainable, later than a period of years after a fixed objective event, generally precludes the operation of the discovery rule."  *Id*.  ("It is settled law in this State that the discovery principle is not applicable except in relation to an accrual period of limitations.").

---

[3] On July 25, 2013, Plaintiffs submitted a letter and "Affidavit of Patrick D. Healy in Opposition to Defendant's Motion" (the "Affidavit" or "Healy Aff.").  As part of this Affidavit, Plaintiffs assert for the first time that Susan O'Brien DeBuy is the executrix of the Decedent's estate and attach a Surrogate's certificate to evidence such.  *See* Healy Aff. Ex. A.  To the extent that Plaintiff is attempting to amend its Complaint, it is improper to do so through an opposition to a motion.  *See* Fed. R. Civ. P. 15.  Therefore, the Court will not consider any attempted amendment of the Complaint in this manner.  Furthermore, because the statute of limitations has run on Plaintiffs' claims, as the Court will next address, any attempted amendment of the Complaint would prove futile and this Court will not grant Plaintiffs leave to amend their Complaint to add Plaintiff O'Brien DeBuy as an executrix.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

Therefore, New Jersey courts have found that the discovery rule is inapplicable to the Wrongful Death Act, which provides a "specific objective event to incept the period of time within which an action must be brought." *Id*. Likewise, courts in this district have ruled that "because the limitations provision of the Wrongful Death Act is based upon a fixed objective event, the discovery rule is not applicable for tolling purposes." *Fuqua v. Bristol-Myers Squibb Co.*, 926 F. Supp. 2d 538, 545-46 (D.N.J. 2013); *Anderson v. County of Monmouth*, No. 05-1809, 2005 U.S. Dist. LEXIS 37657, *33-34 (D.N.J. Dec. 30, 2005); *Hitchings v. Armstrong World Indus.*, No. 87-2936, 1988 U.S. Dist. LEXIS 6394, *6-7 (D.N.J. Jun. 29, 1988). This Court finds these cases persuasive authority for the contention that the discovery rule does not apply to survival actions, in large part because the wording of the statute of limitations for survival actions is identical to that of the Wrongful Death Act. *See Bogerman v. Union Carbide Corp.*, No. 13-5247, 2013 U.S. Dist. LEXIS 148552, *8-9 (D.N.J. Oct. 15, 2013) (finding that the reasoning behind not applying the discovery rule to the wrongful death statute applies to survival actions and therefore finding plaintiff's claims barred by the statute of limitations); *Cruz v. Atco Raceway, Inc.*, No. 12-5143, 2013 U.S. Dist. LEXIS 90414, *7-8 (D.N.J. June 27, 2013) (stressing that "the statute expressly states that a survivorship action must be 'commenced within two years after the death of the decedent.'"). Specifically, like the wrongful death statute, the action must be commenced within two years of the death of the decedent, which is a "specific objective event" that provides sufficient notice to render the discovery rule unnecessary. *Presslaf*, 168 N.J. Super. at 546. Therefore, an appropriate party bringing a survivor action must bring their claims within two years of the death of the decedent or face having their claims barred by the statute of limitations.

Here, Plaintiffs filed their Complaint in December 2012. The Decedent, however, died in March 2001. Therefore, each of the claims is time-barred as the Complaint was not filed within two years of Decedent's death. *See N.J.S.A.* 2A:15-3. To the extent that this Court will consider Plaintiffs' opposition papers,[4] Plaintiffs contention that their Complaint is timely filed because "the right to sue in this matter did not arise until late 2012 when defendant, Bank of America, demanded that plaintiffs pay the sum of $116,950.29" is without merit. Healy Aff. ¶ 3. Because the discovery rule does not apply to survival actions such as this, the statute of limitations ran from the time of the Decedent's death and not from the time Plaintiffs first learned of the facts giving rise to this cause of action. Therefore, Plaintiffs' Complaint was not filed within the two-year statute of limitations under the Survivor's Act and must be dismissed.

The Third Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). *See also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (explaining that leave to amend a deficiency in a complaint should be given even if such relief is not sought). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Here, any amendment of the Complaint would prove futile, as the statute of limitations of the Survivor's Act bars any of the Plaintiffs' claims. Therefore, the Complaint will be dismissed with prejudice. *See Shane*,

---

[4] As addressed by Defendant in its July 31, 2013 letter to the Court [ECF no. 10], these papers violate a number of the Local Rules. First, Plaintiffs' papers failed to follow the manner required under L. Civ. R. 7.1 (thereby violating L. Civ. R. 7.1(b)(1)), as the papers were not filed timely under L. Civ. R. 7.1(d)(2), were not filed electronically as required under L. Civ. R. 7.1(b)(2), were not filed with the Clerk as required under L. Civ. R. 7.1(d)(2), were not filed with a proof of service as mandated under L. Civ. R. 7.1(d)(2), and were not filed with a brief as required under L. Civ. R. 7.1(d)(2). Under L. Civ. R. 7.1(d)(7), this Court may choose to strike any papers not filed timely under L. Civ. R. 7.1(d). Furthermore, the Affidavit that Plaintiffs submitted includes arguments of the fact and law in violation of L. Civ. R. 7.2(a), and this Court must thus disregard such arguments.

213 F.3d at 116 (explaining that amendment should not be granted if the amendment would not cure the deficiency).

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss will be granted. An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: October 25, 2013